# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RUTHA TYREE,

    *Petitioner*,

v.

DITECH FINANCIAL, LLC *et al.*,

    *Respondents*.

Misc. No. 19-15 (TJK)

## MEMORANDUM OPINION

Maurice Tyree, on behalf of the estate of Petitioner Rutha Tyree, initiated this action by filing a document titled an "Official Stipulated Final Judgment and Order for Criminal Penalties, Permanent Injunction, and Other Equitable Relief *Under Seal* of the United States" on February 4, 2019. ECF No. 1. In that filing, he contends that ten entities he refers to as the Respondents, including the city of Chicago, the Social Security Administration, and the Internal Revenue Service, have agreed to the entry of a stipulated final judgment against them in an unidentified action. *Id.* at 2. The stipulated final judgment imposes criminal penalties against them under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. *Id*. Further, the document characterizes Respondents' allegedly-illegal acts—which relate to the mailing of several debt-collection letters to Petitioner, *id.* at 4–5—as "terrorism" and grants the Department of Homeland Security the authority "to take action" against Respondents, *id.* at 11. And finally, the filing awards Petitioner's estate approximately $6,500,000.00 in damages resulting from Respondents' alleged criminal activity. *Id.* at 12.

It is well-settled that an action "may be dismissed on jurisdictional grounds when it 'is patently insubstantial, presenting no federal question suitable for decision.'" *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C.

Cir. 1994)).  A "patently insubstantial" claim is one that is "flimsier than 'doubtful or questionable'—[it] must be 'essentially fictitious.'"  *Best*, 39 F.3d at 330 (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–39 (1973)).  Such claims may be dismissed *sua sponte* "prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject matter jurisdiction."  *Evans v. Suter*, Civ. No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010).

The claims in Maurice Tyree's filing that initiated this action are patently insubstantial.  Although he filed what he contends is a final stipulation agreed to by all parties, he is the only signee, and he fails to identify the proceeding to which the stipulation relates.  His filing, therefore, appears to be an attempt to induce the Court to enter judgment in a nonexistent action.  Moreover, he requests that the Court impose criminal penalties under the Fair Debt Collection Practices Act, which only provides for civil remedies.  *See* 15 U.S.C. § 1692k.  To the extent that he seeks to bring civil claims under that Act, he must file a complaint, unlike the one here, that meets the pleading standards under Fed. R. Civ. P. 8(a).  In fact, the instant filing is predicated on an agreement between the parties that appears to be "essentially fictitious" and thus presents no federal question suitable for decision, even accounting for the less stringent standards to which *pro se* litigants' pleadings are held.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

For the above reasons, in a separate order, the Court will dismiss this action for lack of subject-matter jurisdiction.

    /s/ Timothy J. Kelly
    TIMOTHY J. KELLY
    United States District Judge

Date: April 15, 2019